Argued and submitted March 13, reversed and remanded May 2, 2012

In the Matter of N. S.,
aka N. D. S.-T., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. D.-V.,
*Respondent,*

*v.*

A. R. S.;
and N. S., aka N. D. S.-T.,
*Appellants.*

Washington County Circuit Court
J070280;
Petition Number 02J070280;
A149152 (Control)

In the Matter of N. S., aka N. D. S.-T., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. R. S.,
*Appellant.*

Washington County Circuit Court
J070280;
Petition Number 02J070280;
A149284

278 P3d 91

Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant A. R. S. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Megan L. Jacquot argued the cause and filed the brief for appellant N. S., aka N. D. S.-T.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent Department of Human

Services. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Margaret McWilliams argued the cause and filed the brief for respondent S. D. V.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

PER CURIAM

**PER CURIAM**

This is a consolidated dependency case in which mother and child separately appeal permanency judgments of the juvenile court. In those judgments, the court determined that mother had not made sufficient progress toward reunification to enable child to be returned to her within a reasonable period. *See* ORS 419B.476(2). The court also determined that father *had* made sufficient progress and, therefore, that the permanency plan for child would remain return to parent and, pending completion of certain conditions, child would be returned to father's care in Mexico not later than September 2011.[1] *See* ORS 419B.476(5)(b)(A).

The parties raise various challenges to the court's judgments; among other issues, mother and child argue that the court erred in determining that mother had not made sufficient progress to allow for reunification within a reasonable time because the court based that determination on the legally erroneous premise that mother was required to demonstrate that she was able to parent child independently. A detailed discussion of the facts of this case would be of little benefit to the bench, bar, or public. It suffices to say that we have reviewed the record, and it appears that the juvenile court was indeed operating under a misapprehension that mother must be able to parent child independently—that is, without the assistance of child's maternal grandmother, who was child's foster placement and with whom mother (with grandmother's approval and encouragement) wanted to live—in order to demonstrate sufficient progress under the statute. We agree that that was legal error.[2] *See State ex rel Dept. of Human Services v. Smith*, 338 Or 58, 86, 106 P3d 627 (2005) (ability to parent independently is not a legal requirement for parental fitness; rather, all that is required is that "the parent's inability to parent the child independently not work to the detriment of the child"). In *Dept. of Human Services v. B. L. J.*, 246 Or App 767, 773-74, 268 P3d 696 (2011), we held, relying on *Smith*, that the mother's inability

---

[1] The judgments were stayed pending our resolution of this appeal.

[2] Child's and mother's arguments that the court erred in not *dismissing* wardship were not preserved for our review, and we reject those arguments without further discussion. ORAP 5.45(1).

to parent her children without the assistance of a couple with whom the mother was living and who were willing to support the mother in her parenting did not demonstrate a reasonable likelihood of harm to the welfare of the children sufficient to warrant juvenile court jurisdiction. It necessarily follows that the determination of a parent's progress toward reunification following the establishment of jurisdiction also may not be based on that requirement.

Here, the juvenile court repeatedly referred to mother's inability to independently care for child in explaining the reasons for its decision. And, contrary to the state's suggestion, there is no indication in the record that, at the time of the permanency hearing, the court was concerned that grandmother was not, *in fact*, a reliable and safe resource for assisting mother in caring for child. Accordingly, we reverse the judgments and remand for the juvenile court to reconsider in light of the correct legal principles.

Reversed and remanded.